BROWN, Judge,
dissenting.
Although indicted for second degree murder, this 34-year-old defendant was convicted of manslaughter and sentenced to 17 years at hard labor. Defendant was a drug dealer in Caddo Parish and this incident arose out of a drug transaction.
I believe the majority has misstated the trial court’s position at sentencing. A Pre-Sentence Investigation Report (PSI) was in the record and studied by the trial court. This report specifically complied with the guidelines and placed defendant in grid cell 1-F (6 to 8½ years). After recognizing the PSI report the trial court stated “now, following the sentencing guidelines under article 894.1.” (emphasis added). Thus the court did consider the guidelines as set forth in the PSI but chose to deviate upwards in accordance with LSA-C.Cr.P. Art. 894.1, which provides that:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines ... however, no sentence shall be declared unlawful, inadequate or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
Article 894.1 further provides that the court shall state for the record the considerations taken into account and the factual *36 basis in imposing sentence. The trial court did exactly that.
The trial court summarized the facts developed at the trial. Although recognizing defendant’s position concerning the killing, the court noted that defendant sold cocaine, and the victim drove to a street corner in Shreveport to buy cocaine. „ The victim was talking to someone else about buying cocaine when the defendant came up and pointed a gun at his head. The victim attempted to flee in his car. Defendant shot numerous times into the car, hitting the victim in the chest. The victim’s car had eleven gunshot holes on the driver’s side.
The trial court set forth legitimate reasons under Article 894.1 for the sentence imposed. These reasons would qualify as aggravating circumstances under the PSG. Defendant committed the offense in order to facilitate the commission of another crime, i.e., selling illegal drugs. Defendant used a dangerous weapon and the offense involved multiple victims (another party was riding in the car). The offense was a controlled dangerous substance offense and the defendant obtained substantial income or resources from his ongoing drug trafficking. All these matters were mentioned by the trial court and all are listed as aggravating circumstances justifying a departure from the sentence recommended by the guidelines.
This case illustrates some of the problems inherent in the Felony Sentencing Guidelines. They are only advisory, but it is required that they be considered. Although claimed to be only a recommendation, the suggested sentence is mandatory unless the trial court recites specific aggravating circumstances from a pedantic list provided in the act. As this case illustrates, the trial court cannot simply state his reasons for the sentence but must adhere to a strict format.
Also, some “typical” violent crimes deserve greater sentences than those provided by the FSG. A recommended range of 6 to 8V2 years for the killing of another person is indicative of one of the problems with the Sentencing Guidelines.
I would affirm this conviction and sentence.